# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DANNY STORCK,

        Petitioner,      :    Case No. 3:16-cv-293

  - vs -                               District Judge Thomas M. Rose
                                     Magistrate Judge Michael R. Merz

CHARLOTTE JENKINS,
  WARDEN,

                               :
        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case under 28 U.S.C. § 2254 is before the Court for initial review pursuant to Rule 4 of the Rules Governing § 2254 Cases which provides in pertinent part: "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Mr. Storck pleads one ground for relief with three sub-claims:

> **Ground One:** Petitioner was deprived of his right to effective assistance of counsel in violation of the Sixth Amendment, U.S. Const.
>
> **Supporting Facts:**
> (1) Trial counsel's inept performance to conduct even a minimal investigation or to interview witnesses was fatal to the defense in mitigation.
>
> (2) Trial counsel's failure to properly advise Petitioner as to the State's burden to establish mental culpability to any higher degree

1

of offense, wherefrom [sic] petitioner could have made an intelligent waiver of trial.

(3) Trial counsel's refusal to undertake an investigation is why the petitioner had to enter into the plea deal.

(Petition, ECF No. 1, PageID 5.)

**Procedural History**

On March 10, 2014, Storck was indicted by the Clark County grand jury on one count of aggravated robbery arising from his alleged robbery of a Speedway gas station on February 24, 2014. *State v. Storck*, 2015-Ohio-2880, ¶ 3, 2015 Ohio App. LEXIS 2796, (2nd Dist. July 17, 2015). The indictment alleged Storck had entered the Speedway brandishing a knife, forced an employee behind the counter, and took money from the cash register. *Id.* at ¶ 2.

On June 17, 2014, Storck, with the assistance of counsel agreed to plead guilty to one count of aggravated robbery in exchange for an agreed sentence of seven years. *Id.* at ¶ 3. Accepting Storck's plea after the required plea colloquy, the trial judge imposed the agreed sentence. *Id.*

The Second District granted leave to file a delayed appeal and appointed counsel. *Id.* ¶ 1. On appeal, Storck raised one assignment of error which the Second District decided as follows:

> [*P5] Storck's sole assignment of error is as follows:
>
> [*P6] "THE DEFENDANT WAS DENIED HIS RIGHT TO EFFECTIVE REPRESENTATION BY COUNSEL, AS PROTECTED BY THE SIXTH AMENDMENT TO THE

2

UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION."

 [*P7]  In his sole assignment of error, Storck contends that his trial counsel was deficient for failing to inform him of the lesser included offense of robbery before advising him to plead guilty to aggravated robbery. Therefore, Storck argues that his guilty plea was not made in a knowing, voluntary, and intelligent fashion.

 [*P8] A claim of ineffective assistance of trial counsel requires both a showing that trial counsel's representation fell below an objective standard of reasonableness, and that the defendant was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A reviewing court "must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The prejudice prong requires a finding that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, with a reasonable probability being "a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *see also State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989).

 [*P9] A guilty plea waives the right to allege ineffective assistance of counsel, except to the extent that the errors caused the plea to be less than knowing and voluntary. *State v. Spates*, 64 Ohio St.3d 269, 1992 Ohio 130, 595 N.E.2d 351 (1992); *see State v. Huddleson*, 2d Dist. Montgomery No. 20653, 2005-Ohio-4029, ¶ 9. The reviewing court must therefore determine whether the trial court substantially complied with Crim.R. 11 in accepting the plea. *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). If the rule was complied with, the plea was knowing, voluntary, and intelligent. *Id.*

 [*P10]  At the outset of the plea hearing, the following exchange occurred:

The State: Thank you, Your Honor. If the defendant will plead guilty to the count of the indictment aggravated robbery [sic], the State will agree to a seven-year sentence to the State penitentiary.

The Court: All right. Did you want to place the facts on the record?

The State: On or about February 24, 2014, at the Speedway located at 1314 E. Main Street, Springfield, Clark County, Ohio, the defendant, Danny Storck, entered said store, *took the employee at*

3

*knife point behind the counter and forcibly took money from the register.*

The Court: Is that your understanding of the agreement, [defense counsel]?

Defense Counsel: Your Honor, that's a fair and accurate recitation of the agreement between the State of Ohio and Mr. Storck. Pursuant to that agreement, Your Honor, Danny will change his original plea of not guilty to one of guilty to aggravated robbery, a felony of the first degree.

In consideration for that change of plea, the parties do agree that the Court will impose an agreed sentence of seven years in the Department of Corrections with credit for time spent or served.

The Court: Is that what you want to do this morning, Mr. Storck?

Storck: Yes, Your Honor.

\*\*\*

The Court: The nature of the offense to which you are pleading guilty is that on or about February 24, 2014, at Clark County, Ohio, you did in attempting or committing a theft offense have a deadly weapon on or about your person or under your control and you displayed the weapon and used the weapon. Do you understand the nature of your offense?

Storck: Yes, sir.

**[\*P11]** Storck was convicted of aggravated robbery, in violation of R.C. 2911.01(A)(2), which provides that [n]o person, in attempting or committing a theft offense, \*\*\*, or in fleeing immediately after the attempt or offense, shall \*\*\* [h]ave a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it[.]"

 **[\*P12]** Robbery, as defined in R.C. 2911.02(A)(1), is a lesser included offense of aggravated robbery as defined in R.C. 2911.01(A)(1). *State v. Woods*, 2d Dist. Montgomery No. 19005, 2002-Ohio-2367. "The difference between the two crimes is that aggravated robbery also requires that the offender 'either display the weapon, brandish it, indicate that the offender possesses it, or

use it.' R.C. 2911.01(A)(1)." *See State v. Gooden*, 2d Dist. Montgomery No. 19231, 2003-Ohio-905, ¶ 42.

[*P13] In the instant case, Storck claims that his counsel was ineffective for failing to inform him that the lesser included offense of robbery "would have been instructed to the jury." Storck further argues "that had such information been made available, it would have altered whether or not he took a plea *** [;] defendant therefore did not make a knowledgeable waiver of his right to jury trial[,] and the result would likely have been different."

[*P14] Although not raised by Storck, we initially note that the trial court informed him of the facts underlying the charge against him, the maximum sentence that he faced, and the constitutional rights that he waived by foregoing a trial. Prior to accepting the plea, the trial court asked Storck whether he understood what he was doing, whether he was acting of his own free will and not as the result of any promises aside from those incorporated in the plea agreement, and whether he wanted the court to accept the plea. Storck responded to all of these questions in the affirmative. Storck acknowledged that he had discussed his case with his attorney, including the elements of the offenses with which he was charged and his potential defenses. Storck stated that his attorney had gone over the plea form with him and that he was satisfied with his attorney's representation. Accordingly, we find that the trial court substantially complied with Crim.R. 11.

[*P15] Upon review, we conclude that the record before us is devoid of any facts which establish that Storck's guilty plea was not knowingly, intelligently, and voluntarily made. Prior to entering his plea, Storck was advised of the charges, the possible sentences, and the constitutional and non-constitutional rights he was waiving by pleading guilty. Significantly, Storck acknowledged that he committed aggravated robbery with a deadly weapon, to wit: that he "entered said store, *took the employee at knife point behind the counter* and forcibly took money from the register." At no point did Storck express any confusion regarding any of the information provided by the trial court in its Crim.R. 11 colloquy, nor did he express any displeasure with the performance of his counsel in advising him to plead guilty. By pleading guilty, Storck waived his right to present evidence at trial to refute the State's narrative that he used the knife found in his possession to aid in the commission of the robbery. Simply put, the record is devoid of any evidence supporting the defendant's ineffective assistance claim because there are no facts in the record which even remotely establish that his trial counsel's *alleged* failure to

>	advise him of the lesser included offense of robbery had any effect on his decision to plead guilty. Significantly, there is no evidence in the record which would support a potential jury instruction on the lesser included offense of robbery. Thus, we find that Storck's assignment alleging that he received ineffective assistance is without merit.

*Id.*

Storck failed to file a timely appeal from this decision to the Ohio Supreme Court but offers as excusing cause the failure of his appellate attorney to timely advise him of the result on appeal. Assuming for purposes of initial review the truth of that assertion, the Court finds it excuses Storck's late filing in the Supreme Court. When finally advised by his counsel, Storck sought a delayed appeal in the Ohio Supreme Court which that court denied. *State v. Storck,* 145 Ohio St. 3d 1469 (2016). Storck filed his Petition with this Court on July 13, 2016, within one year of the Ohio Supreme Court's denial of review.

# Analysis

In his sole Ground for Relief, Storck pleads a claim for ineffective assistance of trial counsel, alleging his attorney failed to investigate witnesses who would have assisted with mitigation and failed to advise of the required proof of mental culpability applicable "to any higher degree of offense."

Although Storck also raised an assignment of error of ineffective assistance of trial counsel on direct appeal, he there claimed his attorney failed to advise him that robbery existed as a lesser included offense of aggravated robbery under Ohio law. It is not clear that this is the same claim made in the second part of Storck's ground for relief, but the Court will read the Petition liberally to conclude that they are the same because Storck is proceeding *pro se* in this

Court. See *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972). If they were not read as the same, Storck would be precluded from having this Court decide the claim because it would have been procedurally defaulted in the state courts.

The first part of Storck's claim – failure to investigate mitigation witnesses – is procedurally defaulted because it was never raised in the Ohio courts. As pointed out at the end of Judge Donovan's opinion for the Second District, Ohio has a means to raise claims that do not depend on the record – such as claims about witnesses who could have testified. They can be raised in a petition for post-conviction relief under Ohio Revised Code § 2953.21, but apparently Storck never filed such a petition and the time for doing so is long since expired.

With respect to the failure to advise portion of Storck's ineffective assistance of trial counsel claim, the Second District decided this constitutional claim on the merits. When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000).

The Second District's decision on Storck's ineffective assistance of trial counsel claim is not contrary to clearly established federal law. The court cited the governing standard from *Strickland v. Washington*, 466 U.S. 668 (1984): A claim of ineffective assistance of trial counsel requires both a showing that trial counsel's representation fell below an objective standard of reasonableness, and that the defendant was prejudiced as a result. It continued by noting that a guilty plea waives claims of ineffective assistance of trial counsel unless it shows the plea was

7

not valid.  It carefully examined the plea exchange and found nothing to invalidate the plea.  Its conclusion is therefore entitled to deference under federal law.

The Second District did not have before it any off-the-record discussions between Storck and his counsel or any affidavit by Storck about what his attorney did not did not tell him.  That was proper since the record cannot be added to on direct appeal.  Storck could have added to the record by filing for post-conviction relief, as the Second District told him, but he has not done so.

Even assuming that Storck's trial attorney did not tell him about the mental state required for aggravated robbery or that robbery is a lesser included offense, neither of those omissions would have been prejudicial to Storck.  The required mental state for both robbery and aggravated robbery is the same.  And Storck can hardly have expected that a jury would believe he entered the Speedway with a knife and forced the attendant to open the register without thinking about it.  While robbery is a lesser included offense of aggravated robbery, Storck could not have obtained a jury instruction on the lesser included offense in light of the prominent role the weapon played in the offense.

**Conclusion**

Based on this analysis, it is respectfully recommended that the Petition be DISMISSED WITH PREJUDICE.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to

proceed *in forma pauperis*.

July 15, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).